REYNOLDS, PLAINTIFF-APPELLANT, *v.* REYNOLDS, DEFENDANT-APPELLEE.

Ohio Appeals, Fourth District, Ross County.

No. 497.  Decided May 11, 1964.

290

*Mr. J. Donald Ratcliff*, for appellant.
*Mr. Tom Reed*, for appellee.

(DUFFEY, J., of the Tenth District, sitting by assignment in the Fourth Appellate District.)

BROWN, J.   Appellee filed a motion for an order to dismiss this appeal for the reason that Chapter 3109, Revised Code, deals with custody and support of minor children, and the last section of this chapter, being Section 3109.07, Revised Code, provides that in an appeal under this chapter appellant must give bond in the amount determined by the trial court.   No bond has been given in this case.

Unfortunately for appellee's contention, Section 3109.07, Revised Code, was amended effective October 5, 1961.   It now reads that an appeal to the Court of Appeals may be made as provided by Section 2505.01 to Section 2505.45, inclusive, Revised Code.   The second section of the new act provides that the section referred to by appellant is repealed.   See 129 Ohio Laws, 291; Page's Ohio Revised Code, 1961, Supplement to Section 3109.07, Revised Code.   We are of the opinion that appellant has substantially complied with Sections 2505.01-2505.45, Revised Code.   Accordingly, the motion of appellee is hereby overruled.

Another motion of appellee requests dismissal for late filing of a brief by appellant within the time required by the rules of this court.   This motion was not urged in oral argument upon this court since by law we are required to meet in each county only twice a year, and by practice, including that of the attorney for appellee, the rule in question has been more honored by breach than observance.   This motion was filed on February 5, 1964; the brief in question was filed February 7, 1964, and by entry of February 10th this court granted leave

of appellant to file his brief by February 14, 1964. Apparently, it had already been filed when that entry was signed and a copy was received, according to the record, by appellee by February 11, 1964. Since the regularly scheduled hearing did not transpire until April 29, 1964, and appellee does not insist on this motion, we will overrule the same since no possible prejudice resulted to appellee's cause.

Appellant was granted a divorce decree during the April 1956 term of the Common Pleas Court of Ross County, Ohio. The decree in part provided as follows: "It is further ordered and adjudged by the court that the defendant, Kenneth L. Reynolds, pay the plaintiff, Dorothy V. Reynolds, for the support of said minor children, the sum of Thirty-two ($32.00) Dollars twice monthly and in addition thereto the defendant, Kenneth L. Reynolds, is to make payments on the note and mortgage on the dwelling house at 92 Limestone Blvd., Brewer Heights, Chillicothe, Ohio, to the Prudential Insurance Company, the foregoing to apply as long as the plaintiff continues to reside in said house." Thereafter, numerous other motions and citations were made and heard for modification of this and other portions of the decree.

Appellee filed a motion which stated as follows: "Upon two orders or judgments this court has awarded the residence at 82 Limestone Blvd. to the plaintiff so long as she lived in it and needed it to rear her children. These orders or judgments have been confirmed upon several hearings. Now the defendant asks the court for an order granting him possession of the house because the plaintiff has vacated it and rented it to one" (name left blank—italics ours). Thereafter the Common Pleas Court of Ross County entered the following entry on November 19, 1963: "This cause came on to be heard on the motion of the defendant, Kenneth Reynolds, filed October 3, 1963. Upon statements of counsel, and the evidence, the court finds that the plaintiff, Dorothy Reynolds, by renting the premises in question has abandoned her rights given her by the Court in a previous order permitting her to continue to reside with her family in such residence."

From this order this appeal has been taken.

Six assignments of error are asserted but the sole question is whether the above stated portion of the 1956 divorce decree constituted a transfer of an interest in the property on Limestone Boulevard, or whether it was an adjunct to the support order.

It starts out and makes a specific order for support and, in addition, it confers on appellee the duty to pay the mortgage as long as appellant continues to reside there. This signifies a desire on the part of the contracting parties to make additional provision for the support of the children especially because the primary purpose of this portion of the decree is an implementation of the basic support order. This must necessarily follow from the ordinary meaning of the language used in the portion of the decree in dispute.

Since the evidence reveals that the trial court was correct in finding the appellant had ceased to live in the property at the time of the filing of the motion to modify, we cannot find his ruling is against the weight of the evidence, nor can we say he abused his discretion in his judgment, which resulted in the entry of October 3, 1963. See 18 Ohio Jurisprudence (2d), 117.

While the language of the decree complained of could have been improved, the duty to pay on the note and mortgage to Prudential Life Insurance Company was binding on appellee so long as she continued to reside in the house. When a showing was made that she had discontinued residence, we think it was in the discretion of the trial court to modify this order. This he did.

Under Section 3105.061, Revised Code, the Common Pleas Court of Ross County had continuing jurisdiction over the parties for the purpose of modification of any order or decree relating to the support of the minor children of the parties.

Accordingly, the judgment of the Common Pleas Court of Ross County, Ohio, is affirmed.

Judgment affirmed.

COLLIER, P. J., and DUFFEY, J., concur.